**ALAN M. NELSON**
ATTORNEY AT LAW

3000 MARCUS AVENUE, SUITE 1E5
LAKE SUCCESS, NEW YORK 11042
TELEPHONE: (516) 328-6200
FAX: (516) 328-6354

NEW YORK OFFICE:
111 JOHN STREET
SUITE 640
NEW YORK, NY 10038

March 24, 2008

BY ECF & FEDERAL EXPRESS

Hon. Loretta A. Preska
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re: United States v. Delsic Rey
> <u>07 Cr 313 (LAP)</u>

Dear Judge Preska:

    Please accept this correspondence as supplemental to and in correction of the defendant's sentencing memorandum dated December 27, 2007.

    Delsic Rey is scheduled to appear before your Honor on January 24, 2008 to be sentenced, pursuant to his plea of guilty to the above-captioned Indictment charging him with Conspiracy to Commit Mail Fraud in violation of Title 18 United States Code section 1341.

    At Pages 1-3 of defendant's December 27, 2007 memorandum Rey objects to Probation's request contained PSR Paragraph 23 that Rey receive a two level enhancement pursuant to U.S.S.G. 3B1.3 for Abuse of his Position of Trust.

    In so doing the defendant erroneously contended that in his position as a Claim's Examiner at York Insurance Rey's authorization to issue checks was limited to $2,500.00. Upon further investigation the authorization amount was $5,000.00. The defendant wishes to clarify this position for the Court in determining the appropriate sentence to impose.

    As discussed in detail in the defendant's sentencing memorandum Delsic Rey respectfully requests that the Court impose an non-guideline sentence pursuant to the requirement of 18 U.S.C. 3553. In determining the sentence to be imposed Rey wishes to emphasize some of the factors articulate din his December 27 submission. First, Rey is prepared and is taking affirmative steps to make full restitution. However, he in fact received well under $10,000 from Ms. Edwards for his transgressions. Second, although he and his co-defendant Sheba Edwards are held jointly liable for the full amount of loss, engaged in almost identical conduct and have no prior criminal history, Rey faces a significantly greater sentence as a consequence of the application of a two level enhancement

Hon. Loretta A. Preska
March 24, 2008
Page 2

pursuant to U.S.S.G. 3B1.3 for his abuse of his position of trust. As the Cour tis aware on January 25, 2008 this Court sentenced Sheba Edwards to period of three years Probation with specific conditions for the payment of Restitution.

The legal question of the applicability of the enhancement is addressed in defendant's memorandum. The defendant submits that sentencing policy issue articulated in 18 U.S.C 3553(a)(6) requiring that the Court consider the need to avoid unwarranted disparity in sentencing between defendants with similar records who have been found guilty of similar conduct when considered in light of the facts and circumstances of the offense support the Court imposing a non-guideline sentence upon Delsic Rey.

Delsic Rey not only acknowledges his obligation to make restitution, he is making affirmative steps to insure that the payments are made. Towards that end Rey has contacted his family in Anguilla for the purpose of acquiring a mortgage upon two small parcels of land that were given to him by family members as college graduation and marriage gifts respectively. Clearly Rey would be unable to make such mortgage payments were he to be incarcerated. This would compromise his ability to make restitution. Moreover following release from custody Rey's financial obligations would limit the amount of restitution he could make across time. Accordingly were Rey to receive a sentence of home confinement with the condition of being permitted to attend work the statutory goal of considering the need for restitution would be greatly facilitated.

Although the defendant's presumptive sentencing range is 21-27 months the Second Circuit has made clear "now that the mandatory duty to apply the Guidelines is excised, the duty imposed by section 3553(a) to "consider" numerous factors acquires renewed significance" United States v. Crosby, 397 F.3d at 111. The court expressed every confidence that district court judges will do so and that resulting sentences will continue to reduce unwarranted disparities *while now achieving somewhat more individualized justice.*" United States v. Crosby, 397 F.3d at 114. (italics added).

As discussed in detail in defendant's December 27, 2007 memorandum the circumstances of the defendant's background and present status as well as the circumstances under which he participated in the offense are indeed unique. Although every individual who faces incarceration suffers from the economic and familial dislocations caused as a consequence, it is respectfully submitted that an incarceratory sentence imposed on Rey will have a greater negative impact upon him than others who engaged in similar conduct due to his family's status.

It is submitted that the imposition of a non-guideline sentence imposing a sentence of Probation possibly combined with a period of home confinement and community service,
would facilitate compliance with the criteria set forth in 3553(a) while permitting Delsic Rey to make substantial restitution. For the aforementioned reasons we urge the Court to fashion a sentence recognizing Delsic Rey's, conduct and lack of criminal history balanced by society's interests. In light of these factors, we urge the court to adopt the arguments set forth above. It is

Hon. Loretta A. Preska
March 24, 2008
Page 3

requested that the court impose a non-guideline sentence that would include components of Probation, home confinement and community service in lieu of the presumptive guideline range.

Respectfully submitted,

Alan M. Nelson, Esq.

AMN/en

cc: AUSA Bill Harrington
    USPO Smyla Jones